EDWARD ALLEN, APPELLANT, v. ARMOUR & COMPANY, RESPONDENT.

Submitted October 26, 1929—Decided February 3, 1930.

For the appellant, *Frederic B. Scott.*

For the respondent, *Edward L. Katzenbach.*

PER CURIAM.

The trial judge directed a judgment of no cause of action.

The plaintiff, a brakeman in the employ of the Delaware, Lackawanna and Western Railroad Company was thrown

from a car, on which he was working, by a telephone wire running across the tracks to a temporary office of the defendant. The temporary office was a box car taken from the trucks and placed in the railroad yard. The telephone wire was attached to a scantling on the car, so that it would clear a man riding on the top of a car on the rails. The wire became displaced, so that it wrapped around plaintiff's knees when the car, on which he was working, passed under the wire and hurled him to the ground.

Prior to the accident, defendant's manager had given an employe named Heit permission to take lumber from the temporary office which was being abandoned and to use one of the defendant's trucks for the purpose. Heit was working after hours and was to have the lumber for fire wood in his home. He was told by some of the railroad employes that the telephone wire was down. He tried to fix it and it was after this attempt that plaintiff suffered his injuries.

The plaintiff's case rested on the theory that Heit was working for the defendant while taking the firewood for his own purposes, or when he attempted to replace the wire which he may have dislodged. The plaintiff called the defendant's manager and he testified, in response to questions by the court, as follows: "*Q.* Did you ever say that Heit, at the moment of the accident, or at any time the wire came down, Heit was dismantling the plant for your company? *A.* Yes, he was. He was taking away some of the wood. In taking away some of the wood, I mean we——. *Q.* Was he dismantling the plant for you, for your company? *A.* No. *Q.* Did the company have anything to do with what he was doing at the time? *A.* No. *Q.* What did you say to Heit as to the wire, anything? *A.* As to the wire, I said nothing; no, sir."

It is urged that this testimony is so contradictory that a jury question arose. *Thomas* v. *Devine,* 104 *N. J. L.* 361. We think the testimony must be considered as a whole. When so taken it is apparent that there was a mere slip of the tongue. This does not take a clear case to the jury.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.